UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NORGLIS EZEQUIEL RAMIREZ-
YANEZ,

          Petitioner,

v.

UNKNOWN PARTY et al.,

          Respondents.

_____/

Case No. 1:26-cv-1665

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

I.     **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.2.) In an Order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the April 14, 2026, bond hearing on June 5, 2026. (Resp., ECF No. 8; Recording of Bond Hearing, filed on June 5, 2026.)

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2022. Op., *Ramirez Yanes v. Kevin Raycraft* (*Ramirez Yanes I*), No. 1:26-cv-973 (W.D. Mich. Apr. 9, 2026). On February 17, 2026, Petitioner was arrested by ICE agents. *Id.*

On March 24, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Ramirez Yanes I*. In *Ramirez Yanes I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ramirez Yanes I*, (W.D. Mich. Apr. 9, 2026), (ECF Nos. 6, 7).

On April 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Order, ECF No. 1-2, PageID.9.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to demonstrate he is not a flight risk." (Immigration Judge Order, ECF No. 1-2, PageID.10.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 9, 2026                                    /s/ Jane M. Beckering
                                                              Jane M. Beckering
                                                              United States District Judge

3